LEO M. DOODY, as Commissioner of Public Welfare of the County of Albany, Complainant, Respondent, *v.* WILLIAM C. LEARY, Appellant.

Appeal by the defendant from the judgment and order of filiation of the Children's Court of Albany County, entered in the office of the clerk of said court on June 7, 1937.

Appeal by the defendant from an order of the Children's Court of Albany County, entered in the office of the clerk of said court on July 19, 1937, denying defendant's motion for a new trial upon the ground of newly-discovered evidence.

The proceeding was commenced pursuant to section 122 of the Domestic Relations Law.

Judgment and order reversed on the facts, and new trial granted, without costs. The appeal from the order denying motion for a new trial on the ground of newly-discovered evidence now becomes academic.

Rhodes, McNamee, Crapser and Bliss, JJ., concur; Hill, P. J., dissents, with an opinion.

HILL, P. J. (dissenting). Defendant appeals from a judgment and order of filiation, and from an order denying his motion for a new trial upon the ground of newly-discovered evidence. By the judgment and order it was determined that defendant was the father of Robert Lynch, a child born out of wedlock on April 3, 1937, to Mary D. Lynch. She asserted and testified that the intercourse took place in the early morning hours of June twenty-eighth at defendant's dental office in the city of Albany following a series of social events and functions — a dinner party, a cocktail or highball party, a visit to a roadhouse and dance hall — which occupied the earlier part of the night and evening previous. Further

in fixing the date she said that her dinner hostess and herself, during the afternoon before the dinner party, attended special exercises called " Rose Day " at an institution of learning in an adjoining city. Upon the trial the defendant, in seeking to establish an alibi as to the visit to his dental office, no less definitely fixed the social events as occurring on the evening of June twenty-seventh, and the early hours of the following morning. He remembered the date, he said, because of its close proximity to the fourth anniversary of his father's sudden death which had occurred on June 26, 1932. He called as witnesses his sister, her husband and a very close friend to substantiate his testimony that on that night no visit was made to his dental office, as asserted by complainant. Upon the other hand, her mother, who was awaiting her daughter's return, gave testimony which, if true, shows defendant's substantiating testimony to be false. All admit that both complainant and defendant, during the evening and earlier night hours, indulged too freely in alcoholic beverages. Defendant paid some attentions to claimant both before and after June, 1936, and the material and non-circumstantial fact of the birth of the little boy establishes that complainant had intercourse with some man at about the time claimed. The trial court heard and saw the witnesses, and I see no reason to interfere with his determination unless the facts shown on the motion for a new trial make it necessary.

On the motion it indubitably appears that both complainant and defendant were mistaken and that the social events following which she says she had intercourse with defendant, occurred on June sixth. This change of date is *non constat* unless it appears that the little boy born on April third could not have been conceived, under natural biological laws, on the June sixth previous.

The authorities in this State recognize that while the average time for gestation has been determined to be about 280 days following intercourse or last menstrual period, the time in many instances is shortened, in others lengthened, according to some authorities to a period as long as 326 days. (*Mayer* v. *Davis*, 119 App. Div. 96; *Commissioner of Public Charities* v. *Leary*, 144 id. 283; *People* v. *Tubbs*, 240 id. 915; affd., 264 N. Y. 641; " Gestation," Bouvier's Law Dict.)

The judgment and order should be affirmed, with costs, and the order denying the motion for a new trial should be affirmed, with costs.