FRANK SWARZINA, Respondent, v. KNIGHT & TIMONEY, INC., Appellant, and AMERICAN BRIDGE COMPANY, INC., Respondent.

First Department, October 30, 1942.

*Fred H. Rees* and *Alexander Orr, Jr.,* for appellant.

*Samuel Saline* for plaintiff-respondent.

*Carl M. Owen, Mark F. Hughes* and *Kenneth B. Halstead* for defendant-respondent.

GLENNON, J. This is a personal injury action wherein plaintiff was awarded a verdict in the sum of $32,500 against the defendant Knight & Timoney, Inc. A cross-claim by the latter against the impleaded defendant American Bridge Company, Inc., was dismissed by the court.

The accident occurred on January 28, 1938 during the course of the construction of a bridge across Alexander avenue in the borough of the Bronx. The defendant Knight & Timoney, Inc., was the general contractor. Plaintiff was employed by the impleaded defendant American Bridge Company, Inc., a subcontractor. There does not seem to be any dispute about the fact that plaintiff was injured when a certain ladder which had

been furnished by American Bridge Company, Inc., broke. Plaintiff, in effect, testified that as he stepped off the ladder he heard the breaking of wood. He said in part: "I see the ladder was breaking. I step on the side. I step on the side, I remember, and I went down in a hole."

With respect to the defendant Knight & Timoney's request to charge, the court stated: "I grant your request No. 1 and charge you that if you find the plaintiff was on the ladder when it broke and fell from the breaking of the ladder, the verdict must be for the defendant, that plaintiff cannot recover or receive a verdict in his favor on any other theory than the one claimed by him."

It was stipulated between the defendant Knight & Timoney, Inc., and the impleaded defendant with reference to the claim-over that the question as to the impleaded defendant's liability to the former was to be determined by the trial court upon the verdict and special findings of the jury. To question No. 1 of the special findings, "Was the plaintiff on the ladder when the ladder broke", the jury answered, "Yes."

It is quite apparent, therefore, that the findings of the jury were inconsistent since the court clearly charged that the plaintiff could have no recovery against the defendant Knight & Timoney, Inc., if he was on the ladder when it broke. Under the circumstances, we are of the opinion that the judgment and the amended judgment should be reversed and a new trial had.

Furthermore, defendant Knight & Timoney's application for a new trial on the ground of newly discovered evidence should have been granted. At the trial, in referring to his injuries, plaintiff gave the following testimony in answer to the questions of his counsel: "Q. Can you walk without the use of a cane? A. No, sir. * * * Q. From when and to when do you suffer pain? A. I suffer all — in especially cold weather, when it's cold weather, I can't get out. My leg, hip, is numb, and my wrist, same thing, and this finger, same thing. I have got to wear gloves all the time — finger. Can't get out of the house on cold weather or rainy day."

The record shows that the trial of the action commenced on January 3, 1941, and the verdict was rendered on January 9.

The impleaded defendant American Bridge Company, Inc., plaintiff's employer, retained the services of Dominick C. Riley Detective Bureau for the purpose of investigating plaintiff's physical condition. Two of the operatives of the detective agency had the plaintiff under observation for a period commencing on January 10, 1941, and continuing through January

twenty-fifth. Later, on April 9, 1941, they also had him under observation. Beginning with January 10, 1941, they saw the plaintiff in and about his home walking normally without the use of a cane, shoveling snow, cleaning the sidewalk and chopping ice on the steps of his home. The only day he carried a cane was on January 22, 1941, when he visited his attorney's office. The testimony of the operators is borne out by the exhibits containing pictures of the plaintiff, which are to be found in the record. At the hearing before the referee who was appointed to hear and report to the court, plaintiff admitted that he did leave his home in cold and rainy weather but said it was from the "order" of a doctor. He did not deny that on January 24, 1941, he walked to a motion picture theatre in the vicinity of his home and that it was cold and snowy while he was so walking. He also admitted that he had been advised by his attorney prior to the hearing before the referee that certain motion pictures had been taken of him in connection with the application to·set aside the verdict.

The judgment, as amended, and the orders denying the motions for a new trial should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Judgment, as amended, and orders denying the motions for a new trial unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.