█ JOSEPH COHEN, Respondent, v. FRANK CRIMENTI et al., Appellants.— In an action to recover damages for personal injury, the defendants appeal: (1) from a judgment of the Supreme Court, Kings County, entered May 27, 1964 after trial, upon the jury's verdict, in favor of the plaintiff; and (2) from an order of said court, entered June 18, 1964, which denied their motion to set aside the verdict and for a new trial on the ground of newly discovered evidence and fraud. Judgment reversed on the law and a new trial granted, with costs to abide the event. No questions of fact have been considered. Appeal from order of June 18, 1964 dismissed as academic, without costs. In our opinion, it was prejudicial error for the Trial Judge to refuse the defendants' request that the jury be charged as to

the " emergency rule " doctrine. Upon the evidence in this case, it should have been for the jury to say, with this instruction in mind, whether the conduct of the defendant Crimenti subsequent to the alleged brake failure constituted negligence under all the circumstances disclosed in the record (cf. *Wheeler* v. *Rabine,* 15 A D 2d 407). The mere fact that the brakes may have failed would not, in and of itself, serve to impose liability upon the defendants (*Schaeffer* v. *Caldwell,* 273 App. Div. 263); nor, on the other hand, would the fact that the said defendant testified that the brakes failed when they had previously worked *ipso facto* absolve the defendants from liability (*Manny* v. *Casale,* 15 A D 2d 857). However, the testimony concerning the brake failure required a charge, as requested, to the effect that under an emergency situation, a defendant may not be liable for failure to exercise the best judgment or for an error in judgment (*Rowlands* v. *Parks,* 2 N Y 2d 64; *Polley* v. *Polley,* 11 A D 2d 121). In view of our disposition of the appeal from the judgment, it becomes unnecessary to pass upon the appeal from the order denying the motion brought pursuant to CPLR 5015 (*Miller* v. *Roesler,* 254 App. Div. 831; *Doody* v. *Leary,* 253 App. Div. 772). However, we state for the record that if, in fact, the motion pictures reveal what the moving affidavits suggest they do concerning the plaintiff's physical condition shortly after the trial of this action, there would be clear evidence of a gross fraud practiced upon the court, which, in any event, would have required that the judgment be vacated and a new trial granted. The court has the inherent power to vacate a judgment and direct a new trial in the interests of justice (*McCarthy* v. *Port of New York Auth.,* 21 A D 2d 125, 127; *Amalfi* v. *Post & McCord,* 250 App. Div. 408, 414). At bar, the furtherance of justice would require that a new trial be granted so that a jury with the new evidence concerning plaintiff's physical condition before it may determine whether plaintiff's injuries were as serious as he claimed them to be (*Curran* v. *Hargreaves,* 253 App. Div. 121; *Swarzina* v. *Knight & Timoney,* 265 App. Div. 33). Under these circumstances, the learned court below should have viewed the pictures before deciding the motion. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.