In the Matter of the Arbitration between NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, and HAROLD T. MASON, Respondent; LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant.

Second Department, June 14, 1971.

*Evans, Orr, Pacelli, Norton & Laffan* (*William F. Laffan, Jr.,* and *Walter G. Evans* of counsel), for appellant.

*Carroll & Spencer* (*Joseph F. Spencer* of counsel), for Nationwide Mutual Insurance Company, respondent.

SHAPIRO, J.   After a hearing held pursuant to CPLR 410, the trial court adjudged that the appellant, Lumbermens Mutual Casualty Company (Lumbermens), had failed to prove by a fair preponderance of the credible evidence that its attempted cancellation of the policy issued by it to Hattie B. Dozier was valid.   The court also ordered a permanent stay of the arbitration sought by the claimant, Harold T. Mason, against the petitioner, Nationwide Mutual Insurance Company, arising out of an accident which had occurred on October 3, 1969.   This appeal brings up for review the propriety of that judgment.

### THE QUESTION TO BE RESOLVED

Where a holder of a fully paid automobile liability policy subsequently requests an endorsement adding another automobile to the coverage of the policy, may the carrier cancel the *entire* policy when the insured fails to pay the additional premium for the added automobile?

### THE FACTS

Lumbermens issued a policy of insurance to Dozier covering a 1957 Ford automobile.   The term of the policy ran from December 5, 1967 to December 5, 1968.   The policy was renewed for another year from December 5, 1968 to December 5, 1969.

On December 13, 1968 the Ford was eliminated from the policy by proper endorsement thereon and in its stead the 1961 Buick automobile which was involved in the accident giving rise to this proceeding was substituted. The renewal premium of $89 was fully paid. On March 24, 1969 a 1961 Chevrolet automobile was, by rider, added to the policy, so that from that day on both the Buick and the Chevrolet were covered by insurance. Lumbermens sent Dozier a notice on or about April 30, 1969 that there was an additional premium due it of $68 for " car #2 added ".

On October 3, 1969 Mason was a passenger in the Dozier Buick when the accident occurred. He presented a claim for the personal injuries allegedly sustained by him to Lumbermens, which the latter rejected on the ground that it had canceled the Dozier policy for nonpayment of premium on June 29, 1969. The premium allegedly not paid was for coverage of the 1961 Chevrolet which had been added to the policy by rider on March 24, 1969.

Mason was an insured under a policy issued by Nationwide. When Lumbermens rejected his claim on the ground that Dozier had no viable policy with it, he made claim against Nationwide under the uninsured motorist endorsement attached to his policy. After making that claim against Nationwide, Mason served a demand for arbitration upon it and the latter thereupon applied for a stay of arbitration which resulted in the judgment appealed from, permanently staying the arbitration and determining that the Dozier policy with Lumbermens was in full force and effect because Lumbermens had not properly effectuated cancellation thereof.

In its opinion the learned trial court said: " The attempted cancellation by the respondent was ineffective because the notice of cancellation was not filed in the office of the Commissioner of Motor Vehicles within 30 days following effective date of the cancellation. Although the insurer issued the notice of cancellation, it did so under a written authorization contained in the premium finance agreement, in precisely the same fashion as in *Pitts* v. *Travelers Ins. Co.* (59 Misc 2d 142), to which reference is made, with the authorities therein cited, for the rule that notice must be filed, within 30 days in such a case, to effect termination."

The briefs of the parties are principally devoted to the issue upon which the trial court decided in favor of Nationwide. The latter contends that Lumbermens' attempt to cancel the Dozier policy was ineffective because it did not comply with section 576 of the Banking Law. Lumbermens contends that its failure to file the notice of termination of the policy (FS-4) within 30 days after the cancellation of the policy was merely a minis-

terial omission which did not extend coverage beyond the date of its purported termination of the policy, since the accident in which Mason was injured occurred more than 10 days after notice of cancellation was in fact filed with the Motor Vehicle Department.

As I view the record in this case, I find it unnecessary to decide the issue which the parties have thus posed, for I have concluded that Lumbermens did not have the right, under any circumstances, even if timely notice of termination were served and filed, to cancel its coverage of the Buick automobile for alleged nonpayment of the premium owed it for the Chevrolet car added to the policy by the rider.

### THE LAW

At the time of the renewal of the policy covering the Buick automobile the $89 premium for such coverage was fully paid by Dozier's finance company. At that time Dozier obtained liability coverage for another year ending on December 5, 1969. It seems obvious that during that year Lumbermens could not cancel its policy coverage of the Buick for nonpayment of the premium, since it had been fully paid. The fact that the insured by a rider had a 1961 Chevrolet added to the policy, and then failed to pay the premium for that *additional coverage,* merely gave Lumbermens the right to cancel that *additional coverage,* but did not vest any right or power in it to cancel coverage on the Buick for nonpayment of a premium on that automobile after it had received and accepted full payment of that premium. So far as cancellation for nonpayment of premium is concerned, the coverage of the Buick and the Chevrolet must be deemed separate and severable. This is not a case in which there was original coverage of two automobiles with payment of part of the entire premium without allocation of such part payment to either car. In such an eventuality cancellation of the entire policy for nonpayment of the balance of the premium could properly be made. Here, however, the rider which added the Chevrolet automobile, the premium for which was not paid, is clearly severable from the balance of the insurance contract theretofore entered into between Dozier and Lumbermens, since they deal with separate and distinct automobiles and the premium to be paid for each is apportioned (cf. *Ming* v. *Corbin,* 142 N. Y. 334; *Matter of Rogers* v. *Graves,* 254 App. Div. 467).

A concise statement of the rule of severability of provisions in an insurance policy was set forth in *Donley* v. *Glens Falls Ins. Co.* (184 N. Y. 107, 111), where the court said: "Whatever our views might be if the question were new, we regard it as settled that where, by the same policy, different classes of

property, each separately valued, are insured for distinct amounts, even if the premium for the aggregate amount is paid in gross, the contract is severable and a breach of warranty as to one subject of insurance only does not affect the policy as to the others, unless it clearly appears that such was the intention." That rule of law is clearly applicable here, for the coverage added by the endorsement had a separate premium and was on a different automobile from the vehicle covered by the policy as theretofore in effect.

In *American Sur. Co. of N. Y. v. Rosenthal* (206 Misc. 485, affd. 1 A D 2d 652) the insurance company sought to disclaim liability under a contract of insurance which provided liability for both personal injury and property damage. Believing that no personal injuries had been sustained in the accident and that the case was one merely of property damage, the insured failed to give notice to the insurance company. Thereafter a claim was made to recover for both personal injuries and property damage. In an action by the insurance company for a declaratory judgment as to its obligation to defend the action brought against the insured, the court said (pp. 488, 489) : " The question thus presented is whether, under the circumstances, the failure of the defendants to give the required notice affects the obligation of the plaintiff to defend the cause of action for personal injuries as distinguished from the cause of action for property damage. The determination of this question depends upon whether the insurance contract is entire or severable and divisible. The distinction is of importance, since if the contract is entire, all of the protection will be lost, whereas if the contract is severable and divisible, it will be avoided only as to the part directly affected by or connected with the breach (1 Couch's Cyclopedia of Insurance Law [1929 ed.], § 210).   *   *   *

" Here, though the policy enumerates Coverages A to I inclusive, it affords insurance only with respect to Coverages A and B, involving, respectively, claims for personal injury and claims for property damage. *The policy sets forth the limits of liability against each coverage and stipulates for a separate premium for each. In other words, the risks are separately stated and the premiums for each risk are separately fixed. Clearly, therefore, the policy in suit is severable and divisible* " (emphasis added).

Here, too, the premium for each risk, one for the Buick and the other for the Chevrolet, is " separately fixed " and therefore, since " the policy in suit is severable and divisible ", Lumbermens could only cancel that part of the risk assumed by it for which the premium had not been paid, i.e., on the Chevrolet.

A situation almost parallel to the one at bar occurred in *Rosenthal v. Security Mut. Ins. Co. of N. Y.* (33 A D 2d 1041, affd. 28 N Y 2d 697). In that case the plaintiff procured an automobile liability policy and paid the premium therefor. A few months later he ordered comprehensive fire and theft coverage, which was added to the policy by a rider. He failed to pay the $15 premium for that additional coverage. Maintaining that the policy was an entire and indivisible contract, the defendant sent the plaintiff a 10-day notice of cancellation of policy for nonpayment of premium. On the day following the expiration of the 10-day notice, but within the effective period of the original policy, the plaintiff had an automobile accident. The defendant refused to defend the negligence suit brought against the plaintiff. In holding that the insurance company had improperly canceled the liability portion of the policy and that it was obliged to defend the action, this court said: " We find that the original contract of insurance, for which the premium was fully paid, was a divisible one and not subject to cancellation for failure to pay the premium for the additional and more comprehensive coverage after the issuance of the original policy."

The rationale of that case is clearly applicable here and requires an affirmance of the judgment. Furthermore, to permit the appellant to cancel not only the additional coverage for nonpayment of the separate $68 premium but also the preexisting basic liability insurance policy for which the premium of $89 had concededly been paid in full would be tantamount to a forfeiture, a result which the law abhors (*Zivitz v. Maryland Cas. Co.,* 192 App. Div. 83; *Press Pub. Co. v. General Acc. Fire & Life Assur. Corp. of Perth, Scotland,* 160 App. Div. 537, affd. 217 N. Y. 648), particularly when it is remembered that in construing the terms of an insurance policy it will be given that construction which is most favorable to the insured (*Matter of Vanguard Ins. Co. [Polchlopek],* 18 N Y 2d 376; *Matter of Askey [General Acc. Fire & Life Assur. Corp.],* 30 A D 2d 632).

The judgment should therefore be affirmed, with costs to respondent Nationwide Mutual Insurance Company against appellant.

HOPKINS, Acting P. J., GULOTTA, CHRIST and BENJAMIN, JJ., concur.

Judgment of the Supreme Court, Westchester County, dated October 19, 1970, affirmed, with costs to respondent Nationwide Mutual Insurance Company against appellant.