■ Marine Office of America Corporation et al., Respondents, v Regal Accessories, Inc., et al., Appellants, et al., Defendants.—Judgment, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered July 21, 1988, which granted plaintiff summary judgment totaling $151,580.15, upon defendants' default, and denied defendants' motion to vacate said default, and order of the same court entered July 18, 1989, which denied defendants' motion for leave to renew under CPLR 2221 or to reopen the judgment under CPLR 5015, unanimously affirmed, with costs.

In this action for unpaid insurance premiums, defendant Regal has taken the same name as the entity that originally entered into a contract for marine cargo insurance with the insurer, but in fact defendant is actually a successor company as transferee under a bulk sale. Judgment was originally granted to the insurer on default on a motion for summary judgment. The court denied the defendant's motion to vacate, finding that the defendant did not present a meritorious defense. The court later denied the defendant's motion seeking renewal (CPLR 2221), or in the alternative, to reopen the judgment on the ground of newly discovered evidence (CPLR 5015 [a] [2]) or fraud of an adverse party (CPLR 5013 [a] [3]). Defendant claims never to have been served with the papers on the motion for summary judgment. Although it has not denied service of the original process it offers an attorney's affidavit to the effect that a representative of its insurance broker accused the insurer of committing fraud or mistake in calculating the amount of premiums owed.

To obtain vacatur of a judgment entered on default, the movant must show both a reasonable excuse for the default and a meritorious defense (Arred Enters. Corp. v Indemnity Ins. Co., 108 AD2d 624, 627 [1st Dept 1985]). The decision of the United States Supreme Court in Peralta v Heights Med. Center (485 US 80 [1988]) does not call for a result to the contrary. In that case, the Supreme Court held that a State may not require a showing of a meritorious defense as a condition to a party reopening a default where the claim is that it had not been served with legal process upon commencement of the action. Here, it is beyond dispute that the court has jurisdiction over the defendant, which had filed an answer. The defendant's fundamental due process rights have, therefore, been protected. Further, a motion for summary judgment is unlike a complaint in that it necessarily places the ultimate merits of the movant's and the opponent's argu-

ments into issue. Accordingly, it is appropriate to require that a party seeking to vacate summary judgment entered on default set forth a meritorious defense, *Peralta v Heights Med. Center (supra)* notwithstanding.

We agree with the IAS court that defendant has not shown a meritorious defense. The record shows that defendant, as a transferee of a bulk sale, had notice of its predecessor's debt for premiums on the policy covering personal property. Accordingly, defendant had the responsibility, as transferee, to notify the transferor's creditors of the transfer (UCC 6-105). In addition, defendant had the benefit of the insurance policy, and therefore cannot now be heard to repudiate it *(Giblyn v Downet Shipbuilding Corp.,* 246 NY 507 [1927]). That portion of the agreement covering insurance of defendant's predecessor is not severable from that part covering insurance of the insured, since it does not involve "different classes of property, each separately valued, [and] insured for distinct amounts". *(Matter of Nationwide Mut. Ins. Co. [Mason—Lumbermens Mut. Cas. Co.],* 37 AD2d 15, 18-19 [2d Dept 1971].)

Defendant's motion for renewal or for an order setting aside the judgment is meritless. The purported new evidence on which defendant relied was presented solely through hearsay statements in an attorney's affidavit *(see, Marine Midland Bank v Hall,* 74 AD2d 729 [4th Dept 1980]). Since the purported new evidence involved defendant's own broker, the motion was properly denied for defendant's failure to explain why the evidence could not have been submitted on the original motion, a requirement both for renewal under CPLR 2221 and for the presentation of new evidence under CPLR 5015. There was also nothing in defendant's motion papers that amounted to "clear evidence of a gross fraud practiced upon the court" *(Cohen v Crimenti,* 24 AD2d 587, 588 [2d Dept 1965]). Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Ellerin, JJ.