■ ROBERT C. BALDWIN, Appellant, v DANIEL R. WILKINS et al., Respondents. [784 NYS2d 747]—

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered August 4, 2003. The order granted

defendants' motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when the vehicle he was driving, which was stopped at an intersection, was rear-ended by a vehicle driven by defendant Daniel R. Wilkins and owned by defendant Marylou Lynch. Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. "A rear-end collision into a stopped vehicle creates a prima facie case of liability with respect to the operation of the moving vehicle" (*Schuster v Amboy Bus Co.*, 267 AD2d 448, 448 [1999]; *see Ruzycki v Baker*, 301 AD2d 48, 49 [2002]). We agree with plaintiff that defendants failed to establish as a matter of law that the accident was the result of unanticipated brake failure (*see Hubert v Tripaldi*, 307 AD2d 692, 694 [2003]). The evidence submitted by defendants fails to establish either defendants' "previous inspection of the brakes or the cause of their failure" (*Manny v Casale*, 15 AD2d 857, 857 [1962]; *see Wheeler v Rabine*, 15 AD2d 407, 408 [1962]). Thus, defendants failed to establish the defense of unanticipated brake failure "sufficiently to warrant the court as a matter of law in directing judgment in [their] favor" (CPLR 3212 [b]). Present—Green, J.P., Kehoe, Martoche and Hayes, JJ.