■■■ PHILIP COFFEY et al., Respondents, v PEGGY ELLEN BAKER, Respondent, and KEYSTONE AUTOMOTIVE OPERATIONS, INC., et al., Appellants, et al., Defendants. [824 NYS2d 511]—

Appeals from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered January 23, 2006 in a personal injury action. The order, inter alia, denied the motion of defendants Keystone Automotive Operations, Inc. and Rex E. Gill for summary judgment dismissing the complaint and cross claims against them and denied those parts of the cross motions of defendants Thomas J. Kelly and Bridget M. Kelly and Elizabeth A. Stanton for summary judgment dismissing the complaint and cross claims against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion and dismissing the complaint and cross claims against defendants Keystone Automotive Operations, Inc. and Rex E. Gill and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this negligence action seeking damages for injuries that Philip Coffey (plaintiff) sustained in a multi-vehicle accident. Plaintiff was able to stop his vehicle behind a vehicle driven by defendant Peggy Ellen Baker, who had been in a collision with a vehicle driven by defendant Rex E. Gill and owned by defendant Keystone Automotive Operations, Inc. (Keystone). Gill had been able to move his vehicle off the roadway to the right and Baker's vehicle remained partially in the roadway in the left lane. However, a vehicle driven by defendant Sean M. Desrosiers rear-ended plaintiff's vehicle, causing both plaintiff and Desrosiers to exit their vehicles and inspect the damage to the rear of plaintiff's vehicle. While plaintiff was standing between his and Desrosiers' vehicle, a vehicle driven by defendant Elizabeth A. Stanton struck the rear of Desrosiers' vehicle causing Desrosiers' vehicle to strike the rear of plaintiff's vehicle, pinning plaintiff's legs between the vehicles and causing plaintiff severe injuries. Seconds later, a vehicle driven by defendant Bridget M. Kelly and owned by defendant Thomas J. Kelly (collectively, Kelly defendants) caused another impact to the vehicles and plaintiff.

Supreme Court erred in denying the motion of Keystone and Gill for summary judgment dismissing the complaint and cross claims against them, and we therefore modify the order accordingly. Plaintiff was able to stop his vehicle behind the vehicle

driven by Gill and thus any negligence on Gill's part was not a proximate cause of plaintiff's injuries (*see Rzepecki v Yauch*, 277 AD2d 984 [2000]; *Lester v Chmaj*, 251 AD2d 1069, 1070 [1998]; *Shenloogian v Pressimone*, 248 AD2d 374 [1998]; *see also Kassim v City of New York*, 256 AD2d 386 [1998]; *Lehmann v Sheaves*, 231 AD2d 687, 688 [1996]).

The court properly denied those parts of the cross motions of Stanton and the Kelly defendants seeking summary judgment dismissing the complaint and cross claims against them based on the emergency doctrine. Whether a party acted prudently in the face of an emergency is generally a question for the trier of fact to decide (*see Davis v Pimm*, 228 AD2d 885, 887 [1996], *lv denied* 88 NY2d 815 [1996]). Plaintiff was able to stop and avoid a collision with the vehicles driven by Baker and Gill and thus there is a question of fact whether Stanton and Kelly, who did not avoid colliding with the stopped vehicles, were proceeding in a prudent and reasonable manner. The court also properly denied those parts of the cross motions of Stanton and the Kelly defendants seeking, in the alternative, a bifurcated trial (*see generally* 22 NYCRR 202.42 [a]). The record contains conflicting evidence with respect to whether the impact of the Kelly vehicle caused or contributed to the injuries suffered by plaintiff. Evidence of plaintiff's injuries will therefore be relevant to the issues of liability and comparative fault. Present—Hurlbutt, A.P.J., Scudder, Gorski, Centra and Green, JJ.