# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**479**

**CA 12-02074**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

RANDALL J. LYONS, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

KEITH A. ZEMAN, DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (DESTIN C. SANTACROSE OF COUNSEL), FOR DEFENDANT-APPELLANT.

DENNIS J. BISCHOF, LLC, WILLIAMSVILLE (DENNIS J. BISCHOF OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered June 15, 2012. The order, insofar as appealed from, denied the cross motion of defendant-appellant for summary judgment dismissing the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained while he was a passenger in a vehicle that was rear-ended by a vehicle operated by Keith A. Zeman (defendant). We conclude that Supreme Court properly denied defendant's cross motion for summary judgment dismissing the amended complaint and all cross claims against him.

"A rear-end collision with a vehicle that is stopped or is in the process of stopping 'creates a prima facie case of liability with respect to the [driver] of the rearmost vehicle, thereby requiring that [driver] to rebut the inference of negligence by providing a nonnegligent explanation for the collision' " (*Rosario v Swiatkowski*, 101 AD3d 1609, 1609; *see Roll v Gavitt*, 77 AD3d 1412, 1413). We agree with plaintiff that defendant failed to establish as a matter of law that the accident was the result of unanticipated brake failure, a nonnegligent explanation alleged by defendant in support of his cross motion (*see Baldwin v Wilkins*, 11 AD3d 917, 918). "Where, as here, . . . defendant[] intend[s] 'to lay the blame for the accident on brake failure, it [is] incumbent upon [him] to show that the problem with the brakes was unanticipated, and that [he] had exercised reasonable care to keep them in good working order' " (*Suitor v Boivin*, 219 AD2d 799, 800; *see Hubert v Tripaldi*, 307 AD2d 692, 694; *Schuster v Amboy Bus Co.*, 267 AD2d 448, 448-449). Defendant's own deposition testimony

suggested that he refused a recent recommendation to have his brake lines fully replaced. Moreover, there are issues of fact whether the allegedly faulty brake repair performed two months before the accident was the sole proximate cause of the accident, as contended by defendant.

Contrary to defendant's further contention, he failed to meet his burden of establishing a nonnegligent explanation for the accident based on the emergency doctrine. The doctrine " 'recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context' . . . , provided the actor has not created the emergency" (*Caristo v Sanzone*, 96 NY2d 172, 174; *see Lifson v City of Syracuse*, 17 NY3d 492, 497). "The existence of an emergency and the reasonableness of a driver's response thereto generally constitute issues of fact" (*Dalton v Lucas*, 96 AD3d 1648, 1649; *see Patterson v Central N.Y. Regional Transp. Auth. [CNYRTA]*, 94 AD3d 1565, 1566, *lv denied* 19 NY3d 815; *Williams v City of New York*, 88 AD3d 989, 990). Here, even assuming, arguendo, that defendant established the existence of an emergency arising from the failure of his brakes, we conclude that there is an issue of fact whether his actions in response to that emergency were reasonable (*see generally Dalton*, 96 AD3d at 1649-1650; *Heye v Smith*, 30 AD3d 991, 992).

Entered:  May 3, 2013                          Frances E. Cafarell
                                               Clerk of the Court