■ Christine M. Michael, Respondent, v Gina M. Wagner, Appellant, et al., Defendant. [55 NYS3d 840]—

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered January 11, 2016. The order, insofar as appealed from, denied the cross motion of defendant Gina M. Wagner for summary judgment dismissing plaintiff's complaint and any cross claims against her.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries that she allegedly sustained as a result of a collision between the vehicle that she was driving north on I-190 in the City of Buffalo and a wheel that came flying off of a southbound vehicle owned and operated by defendant Gina M. Wagner. The complaint names as defendants both Wagner and Wagner's automobile mechanic, Lakeshore Tire & Auto, Inc. (Lakeshore). Lakeshore conceded its liability to plaintiff on plaintiff's motion for partial summary judgment against it, and that motion is not at issue on appeal. Wagner, on the other hand, appeals from an order denying her cross motion for summary judgment dismissing the complaint and any cross claims against her. Wagner contends that she is entitled to summary judgment on the grounds that she was not negligent and that her conduct was not a substantial factor in causing the accident.

Supreme Court properly denied the cross motion. An owner and operator of a vehicle has a duty to inspect his or her vehicle and to discover and rectify any equipment defects (*see Fried v Korn*, 286 App Div 107, 109-110 [1955], *affd* 1 NY2d 691 [1956]; *Tully v Polito*, 49 AD2d 954, 954 [1975]). Moreover, a vehicle operator has a duty to act reasonably to ensure the safe operation and safe stop of her vehicle once it becomes apparent that her vehicle is experiencing a potentially injurious mechanical problem (*see generally Lyons v Zeman*, 106 AD3d 1517, 1517-1518 [2013]; *Cohen v Crimenti*, 24 AD2d 587, 588 [1965]; *Wheeler v Rabine*, 15 AD2d 407, 408 [1962]). Here, we conclude that Wagner failed to carry her burden on the cross motion of demonstrating that she was not negligent as a matter of law in the operation of her vehicle and that there was nothing that she could have done, in the exercise of due care, to avoid the accident (*see Jackson v City of Buffalo*, 144 AD3d 1555, 1556 [2016]). Wagner testified at her deposition that, despite perceiving that "something was wrong with her car," she continued to operate her vehicle for a period of time without pulling it over fully onto the shoulder of the highway and bringing it to a stop. We note that the "existence of an emergency and the reasonableness of a driver's response thereto generally constitute issues of fact" (*Lyons*, 106 AD3d at 1518; *see Coffey v Baker*, 34 AD3d 1306, 1308 [2006], *lv dismissed in part and denied in part* 8 NY3d 867 [2007] [internal quotation marks omitted]).

All concur except Carni, J., who dissents and votes to reverse the order insofar as appealed from in accordance with the following memorandum.

Carni, J. (dissenting). I respectfully dissent. Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991], *rearg denied* 77 NY2d 990 [1991]). Although I agree with my colleagues that the existence of an emergency and the reasonableness of the response to it generally present issues of fact (*see Makagon v Toyota Motor Credit Corp.*, 23 AD3d 443, 444 [2005]), those issues "may in appropriate circumstances be determined as a matter of law" (*Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]). In my view, the circumstances presented here warrant the application of the emergency doctrine as a matter of law to the conduct of defendant Gina M. Wagner. I would therefore reverse the order insofar as appealed from and grant Wagner's cross motion for summary judgment dismissing the complaint and any cross claims against her. Present—Smith, J.P., Carni, NeMoyer, Curran and Troutman, JJ.