| |
|:---:|
| **Mucha v Bridges** |
| 2024 NY Slip Op 34227(U) |
| December 3, 2024 |
| Supreme Court, Broome County |
| Docket Number: Index No. EFCA2022002304 |
| Judge: Eugene D. Faughnan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

PRESENT:   HON. EUGENE D. FAUGHNAN
           Justice Presiding

STATE OF NEW YORK
SUPREME COURT : COUNTY OF BROOME

---

PAMELA MUCHA,

                         Plaintiff,              **DECISION AND ORDER**

             vs.
                                                 Index No. EFCA2022002304

DUSTIN BRIDGES,

                         Defendant.

---

APPEARANCES:

Counsel for Plaintiff:              STEVEN B. LEVITSKY, ESQ.
                                    Handelman, Witkowicz & Levitsky, LLP
                                    16 E. Main Street 410
                                    Rochester, NY 14614-1865

Counsel for Defendant:              NICOLE U. MARMANILLO, ESQ.
                                    Law Office of Jennifer S. Adams
                                    20 Lawrence Bell Drive, Suite 300
                                    Williamsville, NY 14221

[*1]

## EUGENE D. FAUGHNAN, J.S.C.

This matter is before the Court upon the motion of Plaintiff Pamela Mucha for summary judgment on the issue of liability pursuant to CPLR 3212. The motion has been opposed by Defendant Dustin Bridges. Oral argument was conducted and counsel for both parties were present. After due deliberation, this constitutes the Court's Decision and Order with respect to the pending motion.[1]

## BACKGROUND FACTS

This case arises out of a three-car accident that occurred on or about March 2, 2022 at the intersection of Monroe Street and McKinley Avenue in the Village of Endicott. Bridges was travelling west on Monroe Street and went through a red light at McKinley Avenue. His vehicle was struck on the driver's side by the Mucha vehicle, which was heading north on McKinley Avenue. Bridges' car then continued into the southbound lane of McKinley Ave, where it struck a vehicle being driven by Darla Kunsman (the "Kunsman vehicle"). Bridges was ticketed based on the police investigation for failing to stop at the red light and he subsequently paid a fine.

Coincidentally, both Mucha and Kunsman were insured by State Farm Mutual Automobile Insurance Company ("State Farm"). There is another action pending in this Court related to the second impact, and that is Kunsman v. Bridges, Index No.: EFCA2022002303. Plaintiff in that case also moved for summary judgment and both cases appeared on the Court's motion calendar. The Court is also rendering a Decision and Order in the Kunsman case concomitantly with this Decision and Order.

As a result of the accident, the Mucha vehicle and the Kunsman vehicle were both deemed a total loss and State Farm paid the property damage claim on both cars. State Farm also paid Mucha for the time during which she was without a vehicle. Based on the payments made, State Farm is the real party in interest, and is seeking to recover from Defendant for the amounts that it paid out on these claims.

---

[1] All the papers filed in connection with the motion are included in the NYSCEF electronic case file and have been considered by the Court.

2

Mucha filed a motion for summary judgment with respect to liability on April 30, 2024. In support thereof, she filed an attorney affidavit [affirmation], dated April 30, 2024, with Exhibits, including deposition transcripts of Mucha and Bridges, Mucha's Verified Bill of Particulars, the police accident report and a Certificate of Disposition showing that Bridges was fined for failure to obey a traffic control device [Vehicle and Traffic Law § 1110(a)]. Plaintiff contends that Defendant's conviction on the traffic charge constitutes negligence as a matter of law, supporting her entitlement to summary judgment on liability. She then seeks the scheduling of an Inquest as to damages.

On August 1, 2024, in opposition to the motion, Defendant filed an attorney affirmation of Nicole U. Marmanillo, Esq. Defendant argues that the police report is inadmissible because it is hearsay-that is, the police officer who wrote the report did not witness the accident and the report is based on the observations and statements from others. Defendant also contends that he was faced with an emergency situation, due to brake failure on his car, and that he was not negligent or liable for this accident. He also raises an issue as to Plaintiff's comparative fault, alleging that she may have been travelling too fast and unable to avoid colliding with Defendant's vehicle.

Plaintiff then filed a Reply Memorandum of Law on August 12, 2024, arguing that the emergency doctrine does not apply and that Defendant failed to provide any evidence that he exercised reasonable care to maintain his brakes in good working order. Plaintiff again sought summary judgment and then referral of this matter for an Inquest on the amount of damages.

## LEGAL DISCUSSION AND ANALYSIS

When seeking summary judgment, "the movant must establish its prima facie entitlement to judgment as a matter of law by presenting competent evidence that demonstrates the absence of any material issue of fact." *Lacasse v. Sorbello*, 121 AD3d 1241, 1241 (3rd Dept 2014) *citing Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 (1986) and *Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 (1985) (other citation omitted); *see Amedure v. Standard Furniture Co.*, 125 AD2d 170 (3rd Dept. 1987); *Bulger v. Tri-Town Agency, Inc.*, 148 AD2d 44 (3rd Dept. 1989), *app dismissed* 75 NY2d 808 (1990). Such evidence must be tendered in admissible form. *Zuckerman v. City of New York*, 49 NY2d 557 (1980); *Friends of Animals, Inc. v. Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 (1979). Once this obligation is met, the burden shifts to the

3

[* 3]

respondent to establish that a material issue of fact exists. *Dugan v. Sprung*, 280 AD2d 736 (3rd Dept. 2001); *Sheppard-Mobley v. King*, 10 AD3d 70, 74 (2nd Dept. 2004) *aff'd as mod.* 4 NY3d 627 (2005); *Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v. N.Y. Univ. Med. Ctr.*, 64 NY2d 851, 853. "When faced with a motion for summary judgment, a court's task is issue finding rather than issue determination *(see, Sillman v. Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]) and it must view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference and ascertaining whether there exists any triable issue of fact." *Boston v. Dunham*, 274 AD2d 708, 709 (3rd Dept. 2000) (citation omitted); *American Food & Vending Corp. v. Amazon.com, Inc.*, 214 AD3d 1153 (3rd Dept. 2023). The motion "should be denied if any significant doubt exists as to whether a material factual issue is present or even if it is arguable that such an issue exists." *Haner v. De Vito*, 152 AD2d 896, 896 (3rd Dept. 1989) (citation omitted); *Lacasse v. Sorbello*, 121 AD3d 1241; *Asabor v. Archdiocese of N.Y.*, 102 AD3d 524 (1st Dept. 2013). It "is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact." *Vega v. Restani Constr. Corp.*, 18 NY3d 499, 505 (2012) (citation omitted); *Black v. Kohl's Dept. Stores, Inc.*, 80 AD3d 958 (3rd Dept. 2011).

Vehicle and Traffic Law § 1110(a) states that drivers must obey traffic control devices and Vehicle and Traffic Law § 1111(d) mandates that drivers must stop at red lights. Plaintiff argues that Defendant's unexcused violation of the Vehicle and Traffic Law constitutes negligence per se.

A plea of guilty to a violation of the Vehicle and Traffic Law is some evidence of negligence but does not establish negligence per se. *Shaw v. Rosha Enters., Inc.*, 129 AD3d 1574 (4th Dept. 2015); *Marotta v. Hoy*, 55 AD3d 1194, 1197 (3rd Dept. 2008) ("a guilty plea to a traffic violation may constitute some evidence of negligence… and the disposition of a traffic ticket may be admissible for limited purposes."); *Lohraseb v. Miranda*, 46 AD3d 1266, 1266 (3rd Dept. 2007) (guilty plea to failure to yield right of way is "some evidence of negligence."). Here, the record is not clear if Defendant pleaded guilty to a violation of the Vehicle and Traffic Law § 1110(a), or if he was convicted of that charge, but the Certificate of Conviction establishes his violation of that statute. That fact still does not establish negligence per se. It is only an "*unexcused* violation of the Vehicle and Traffic Law [which] constitutes negligence per se." *Kreis v. Kiyonaga*, 200 AD3d 1144, 1145 (3rd Dept. 2021) (emphasis added), *quoting Holownia v. Caruso*, 183 AD3d 1035, 1036 (3rd Dept. 2020), *lv. denied* 36 NY3d 902 (2020);

4

*Watson v. Peschel*, 188 AD3d 1693, 1694 (4th Dept. 2020); *Davis v. Turner*, 132 AD3d 603, 603 (1st Dept. 2015).

In the present case, the evidence clearly establishes that Bridges violated Vehicle and Traffic Law. Plaintiff submitted a copy of the Certificate of Conviction from Endicott Village Court, and she also submitted the transcript of her own deposition testimony where she testified that the light was green in her direction (Plaintiff's deposition p.11). Accordingly, it would have been red from Defendant's direction. Defendant also stated in his deposition testimony that the light had turned red in his direction before he got to the intersection (Defendant's deposition p. 14), but that he failed to stop his vehicle which was then struck by Mucha's vehicle in the intersection. Thus, Plaintiff has shown that Defendant violated Vehicle and Traffic Law § 1110(a), and since Defendant entered the intersection against a red traffic light, it is negligence per se [*see, Kirby v. Lett*, 208 AD3d 1174 (2nd Dept. 2022)], unless the failure to stop is excused.

"[V]iolations that give rise to negligence per se may be excused if justified by an 'emergency situation not of the driver's own making.'" *Kreis v. Kiyonaga*, 200 AD3d at 1145, quoting *Fillette v. Lundberg*, 150 AD3d 1574, 1575 (3rd Dept. 2017); *Peterson v. Garnsey*, 227 AD3d 1249 (3rd Dept. 2024). Although the "emergency doctrine" is often applied to a driver's response to actions by other drivers such as a car crossing the center lane in front of a motorist (*see e.g. Lee v. Helsley*, 228 AD3d 1093 [3rd Dept. 2024]) or road conditions (slippery pavement, obstructions, animals or debris; *see e.g. Fitz-Gerald v. Rich*, 251 AD2d 1017 [4th Dept. 1998]), a driver might also be faced with an emergency from a problem with his or her own vehicle. Defendant Bridges contends that he was confronted with an emergency situation by virtue of the fact that his brakes failed. However, "where the driver of the offending vehicle lays the blame for the accident on brake failure, it is incumbent upon that party to show that the brake problem was unanticipated and that reasonable care was exercised to keep the brakes in good working order." *Warner v. Kain*, 162 AD3d 1384, 1384-1385 (3rd Dept. 2018), *quoting Hubert v. Tripaldi*, 307 AD2d 692, 694 (3rd Dept. 2003); *Lyons v. Zeman*, 106 AD3d 1517, 1517 (4th Dept. 2013). In that regard, Defendant points to his deposition testimony to show the emergency that confronted him. He testified that he pushed the brake pedal as he approached the intersection, and he heard a popping sound, leading him to believe there was something wrong with the brakes. He reached down to see if he could pull the brake pedal back up and noticed that the brake pedal cover had come off. (Defendant's deposition pp. 13-14). He then stopped on the brakes as hard as he could, but he was unable to avoid the collision(s).

5

Defendant also testified that he had never had any problems with the brakes prior the accident. The car had also recently passed inspection. (Defendant's deposition at p.23).

Notably, Defendant did not submit his own affidavit in opposition to the motion, instead relying on the deposition testimony. Even accepting Defendant's testimony as true with respect to the brake pedal cover coming off, and that he had never experienced any problems with the brakes prior to the accident, the record is bereft of any evidence that "reasonable care was exercised to keep the brakes in good working order." The Defendant testified that his car passed inspection prior to this accident. However, his brief testimony did not establish when that inspection was performed and whether any report was made concerning the brakes, or the general condition of the vehicle. For example, if the inspection had been done 3 months prior and the servicer noted that the brakes were good enough to pass inspection at that time but should be considered for replacement or other corrective measure in a couple of months, then absence of any follow up would belie a claim of reasonable care. *See generally, Lyons v. Zeman*, 106 AD3d 1517 (4th Dept. 2013) (defendant refused a recent recommendation to have his brake lines replaced). Bridges' testimony only says that an inspection had been done recently, but there is no further information as to how recently, or any other information concerning the condition of the brakes or any other review, inspection, report or maintenance concerning the brakes. *Cf. Warner v. Kain*, 162 AD3d 1384 (defendant testified that the vehicle was relatively new, in good working order and had never experienced any brake problems); *Osborne v. New York City Dept. of Parks & Recreation*, 111 AD3d 465 (1st Dept. 2013) (defendant driver testified that he had checked the brakes on the morning of the accident and they were in good working order); *Hubert v. Tripaldi*, 307 AD2d 692 (there was testimony that the commercial vehicle's mechanical systems, including brakes, were maintained on a regular basis).

It is not enough for a party claiming brake failure to simply claim that the brakes did not operate properly at the time of the accident. The party making that claim has to produce evidence that reasonable care was taken to keep the brakes in proper working order. Bridges has not met that threshold. He has not submitted any evidence concerning reasonable care except to state that the vehicle had passed inspection at some time in the past. There is no other evidence upon which a claim could be made and sustained that there was any sort of reasonable care in maintaining the brakes. The Court finds that there is insufficient basis to create an issue of fact with respect to the claim of brake failure. Stated another way, Defendant has not met his burden

6

to show a non-negligent explanation for the accident based on the emergency doctrine resulting from brake failure.

Alternatively, Defendant argues that Mucha might have some comparative negligence. During his deposition, Bridges testified that the Mucha vehicle was coming off the highway with a lot of speed when it got to the intersection. However, there is no evidence as to the actual speed of Mucha's vehicle and whether that had any impact or bearing on the accident, or whether it in any way rendered Mucha less able to avoid the accident. *See, e.g. Horton v. Warden*, 32 AD3d 570 (3rd Dept. 2006) (lack of estimates as to distance and speed made expert's opinion merely speculative); *see also, Nasadoski v. Shaut*, 115 AD3d 1026, 1027 (3rd Dept. 2014) (there was "no evidence contradicting plaintiff's claims that he was not speeding or otherwise driving unreasonably and that he had no time to avoid the collision."). In any event, "to obtain partial summary judgment on defendant's liability [a plaintiff] does not have to demonstrate the absence of his [or her] own comparative fault." *Rodriguez v. City of New York*, 31 NY3d 312, 323 (2018). Rather, the issue of plaintiff's comparative fault can be addressed when considering the amount of damages.

Based on all the foregoing, Plaintiff has made a *prima facie* showing of entitlement to summary judgment on liability by providing evidence of Defendant's violation of the Vehicle and Traffic Law § 1110 (a). Defendant has not raised a triable issue by virtue of the emergency doctrine or otherwise.

The Court will also briefly address two additional arguments raised by Defendant, concerning the admissibility of the police report of the accident and Plaintiff's potential negligence in causing the accident. The Court is not persuaded by either assertion.

First, Defendant contends that the police accident report is hearsay and should not be considered. Defendant asserts that a statement in the report that a certified mechanic determined that Bridges' brakes were functional should not be considered. However, the Court's discussion above with regard to the pending motion was not based on the accident report, or information from that report, but is based on other evidence in the record. Therefore, "inclusion of that document was harmless because all material information in the report is contained elsewhere in the record." *Lohraseb v. Miranda*, 46 AD3d at 1267. Whether Bridges' brakes were functional is not relevant because even if his brakes did not work, Bridges failed to provide any evidence that he took reasonable care to maintain the brakes.

7

Second, despite arguing against admissibility of the police accident report, Defendant still argues that if the police accident report were to be considered, it potentially raises an issue of fact as to Plaintiff's comparative fault for this accident. In particular, Defendant suggests that since the Mucha vehicle struck Bridges' car at the driver's side door, she might have had time to avoid the accident. The accident report diagram is similar to Defendant's testimony as to where the cars impacted, but it is not determinative of the issues in this case. Whether Plaintiff had some degree of comparative fault is still an open question, to be determined at the damages phase. *See, Rodriguez v. City of New York*, 31 NY3d 312. At this point, this Court is only determining that Plaintiff has shown that Defendant was negligent and that such negligence was a cause of Plaintiff's injuries. Instead, "any comparative fault on the plaintiff's part will merely diminish the damages award." *Id.* at 318, n. 3, *quoting* John R. Higgit, Supp. Practice Commentaries, McKinney's Cons. Laws of NY, CPLR C3212:15).

**CONCLUSION**

Based on the foregoing, and after due deliberation, it is hereby

ORDERED, Plaintiff's motion for summary judgment as to Defendant's liability is GRANTED, and it is further

ORDERED, that the attorneys for both parties are directed to appear for a pre-trial conference on **JANUARY 9, 2025 AT 4:00 PM TO BE CONDUCTED BY MICROSOFT TEAMS.** Chambers will provide the link to join the conference.

THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.

Dated:    December \_\_\_\_, 2024
                   Binghamton, New York

                                                  HON. EUGENE D. FAUGHNAN
                                                  Supreme Court Justice