■ Alice H., MacNab et al., Appellants, v Rick A. Pelkey, Respondent, and Gerald F. Spoor et al., Appellants, et al., Defendants. [740 NYS2d 711] —Mercure, J.P. Appeal from an order of the Supreme Court (Dawson, J.), entered October 27, 2000 in Essex County, which granted defendant Rick A. Pelkey's motion for summary judgment dismissing the complaint and all cross claims against him.

This action arises out of an automobile collision that took place on February 2, 1993 on County Route 23 in the Town of North Elba, Essex County. As defendant Rick A. Pelkey (hereinafter defendant) drove his automobile west on Route 23, plaintiff Alice H. MacNab (hereinafter plaintiff) pulled out of a private driveway and into defendant's path, and defendant's vehicle struck the driver's side of plaintiff's vehicle. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, and plaintiffs and defendants Gerald F. Spoor and Gertrude M. Spoor appeal.

We reverse. In our view, defendant's own deposition testimony raised material questions of fact on the issue of the parties' respective liability for the accident. Notably, defendant testified concerning his awareness that at the time and place of the accident, the road was covered with hard-packed snow and was slippery. He was also familiar with the location of the driveway that plaintiff was exiting and knew that a hill situated approximately 30 to 50 feet east of the driveway intersection created a limited sight distance for westbound traffic on Route 23. In defendant's own words, "that's a bad spot right there." Defendant testified that he first saw plaintiff's vehicle

as he crested that hill, that he applied his brakes but was unable to come to a stop, and that he slid to the left and into plaintiff's vehicle. We agree with plaintiffs that the foregoing evidence raises factual issues as to plaintiff's violation of Vehicle and Traffic Law § 1143 and defendant's violation of Vehicle and Traffic Law § 1180 (a) and (e) (*see, Dubois v Vanderwalker*, 245 AD2d 758, 760). Our prior decision in *Le Claire v Pratt* (270 AD2d 612), relied upon by Supreme Court, involved neither slippery road conditions nor a restricted view, and is by no means controlling.

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, and motion denied.