■ BRUCE W. ROWE, Appellant, v DEBRA A. HARRISON, Respondent, et al., Defendant. [758 NYS2d 693] —Crew III, J. Appeal from an order of the Supreme Court (Demarest, J.), entered June 12, 2002 in St. Lawrence County, which, inter alia, granted defendant Debra A. Harrison's motion for summary judgment dismissing the complaint against her.

This personal injury action arises out of an automobile accident that occurred in July 1999 at the intersection of Grove Street and State Route 37 in the Town of Massena, St. Lawrence County. At the time of the accident, plaintiff was a passenger in a vehicle operated by defendant Debra A. Harrison (hereinafter defendant). As defendant proceeded south on Grove Street and through the intersection on a green light, her vehicle was struck by a westbound vehicle operated by defendant Robert C. Porter. According to Porter's examination before trial testimony, his view of the traffic control device governing that intersection was impaired by the setting sun.

Plaintiff thereafter commenced this action against Porter and defendant alleging that he had sustained serious injuries as a result of the accident. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint against her, and plaintiff cross-moved for summary judgment on the issue of liability. Supreme Court thereafter granted defendant the requested relief, and this appeal by plaintiff ensued.

We affirm. The intersection in question was controlled by a traffic signal, and it is uncontroverted that defendant proceeded through that intersection on a green light.* As defendant clearly had the right-of-way, she was entitled to anticipate that Porter would comply with the directive to stop and yield to her approaching vehicle (*see O'Hara v Tonner*, 288 AD2d 513, 514-515 [2001]; *Vogel v Gilbo*, 276 AD2d 977, 978 [2000]; *Matt v Tricil [N.Y.]*, 260 AD2d 811, 812 [1999]). Defendant further testified, again without contradiction, that she was traveling at 15 to 20 miles per hour at the time of the accident, having

---

* Indeed, Porter testified at his examination before trial that he pleaded guilty to "running a red light."

reduced her speed as she approached the intersection due to, inter alia, a slight dip in the road. Such testimony, in our view, refutes plaintiff's otherwise baseless speculation that defendant failed to operate her vehicle at an appropriate reduced speed as she entered and crossed the intersection (see Vehicle and Traffic Law § 1180 [e]). Additionally, the roads were clear and dry at the time of the accident, thereby belying plaintiff's unsubstantiated assertion that defendant was operating her vehicle at speeds not reasonable and prudent for the conditions (see Vehicle and Traffic Law § 1180 [a]; compare MacNab v Pelkey, 293 AD2d 896 [2002]). Finally, we are unpersuaded that plaintiff has tendered sufficient admissible proof to raise a question of fact as to whether defendant had sufficient time to take evasive action and avoid the collision (see Le Claire v Pratt, 270 AD2d 612, 613 [2000]). In short, while defendant indeed was obligated "to see what by the proper use of her senses she might have seen" (Weigand v United Traction Co., 221 NY 39, 42 [1917]) and while there may be more than one proximate cause of an accident (see generally Bush v Lamb-Grays Harbor Co., 246 AD2d 768, 771 [1998]), the record before us fails to point to any negligent conduct on the part of defendant (see Colaruotolo v Crowley, 290 AD2d 863, 864 [2002]). Accordingly, defendant's motion for summary judgment dismissing the complaint against her was properly granted.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

