# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1383**
**CA 15-00880**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

ELDIN KOVACIC, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RALPH DELMONT, DEFENDANT-APPELLANT,
CAITLIN BUTLER AND DAVID P. BUTLER,
DEFENDANTS-RESPONDENTS.

---

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (MARK A. FORDEN OF COUNSEL),
FOR DEFENDANT-APPELLANT.

FEROLETO LAW, BUFFALO (JOEL P. FEROLETO OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

SCHNITTER CICCARELLI MILLS, PLLC, EAST AMHERST (BRITTANY A. NASRADINAJ
OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered November 12, 2014. The order denied the motion of defendant Ralph Delmont for summary judgment dismissing the complaint against him.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint against defendant Ralph Delmont is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle operated by Ralph Delmont (defendant), in which plaintiff was a passenger, was rear-ended by a vehicle operated by defendant Caitlin Butler. We agree with defendant that Supreme Court erred in denying his motion for summary judgment dismissing the complaint against him. Defendant met his initial burden by establishing that he had brought his vehicle to a complete stop when it was rear-ended by the vehicle operated by Caitlin Butler (*see Zielinski v Van Pelt* [appeal No. 2], 9 AD3d 874, 875-876; *Ruzycki v Baker*, 301 AD2d 48, 50). In opposition, plaintiff and the Butler defendants failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Contrary to their contentions, plaintiff consistently testified at his deposition that defendant had brought his vehicle to a complete stop at the time of the collision, and there are no issues of witness credibility that would preclude summary judgment. " 'The papers submitted by the plaintiff [and the Butler defendants] fail to show any [conduct by defendant] from which it could be inferred that any negligence on

[defendant's] part caused the . . . accident' " (*Zielinski*, 9 AD3d at 875-876; *see Nozine v Anurag*, 38 AD3d 631, 631-632).

Entered: December 23, 2015          Frances E. Cafarell
                                    Clerk of the Court