# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**769**

**CA 15-01980**

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

JOANNA BAKER, ET AL., PLAINTIFFS,

V                                                         MEMORANDUM AND ORDER

ERIN SAVO, ET AL., DEFENDANTS.
------------------------------------------
ERIN SAVO, THIRD-PARTY PLAINTIFF-RESPONDENT,

V

KANDACE M. HURYSZ, THIRD-PARTY
DEFENDANT-APPELLANT.

---

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (JOAN M. RICHTER OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.

---

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered March 30, 2015. The order denied the motion of third-party defendant for summary judgment dismissing the third-party complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the third-party complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Joanna Baker (plaintiff) in a rear-end collision when a vehicle operated by third-party defendant (Hurysz), in which plaintiff was a passenger, was rear-ended by a vehicle operated by defendant-third-party plaintiff (Savo). Savo commenced a third-party action against Hurysz seeking indemnification and/or contribution. We agree with Hurysz that Supreme Court erred in denying her motion seeking summary judgment dismissing the third-party complaint.

"[A] rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate, [nonnegligent] explanation for the accident" (*Barron v Northtown World Auto*, 137 AD3d 1708, 1709 [internal quotation marks omitted]; *see Tate v Brown*, 125 AD3d 1397, 1398; *Ruzycki v Baker*, 301 AD2d 48, 49). In support of her motion, Hurysz submitted evidence that she had stopped her vehicle after a pickup truck stopped directly in front of her, and the collision occurred after Hurysz's vehicle had been stopped for at

least 15 seconds (*see Kovacic v Delmont*, 134 AD3d 1460, 1461).  We therefore conclude that Hurysz established her entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  In opposition to the motion, Savo submitted the deposition testimony of the parties, which failed to provide a nonnegligent explanation for the rear-end collision and therefore failed to raise an issue of fact sufficient to defeat the motion (*see id.*).

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court