Guerin v Robbins (2020 NY Slip Op 02511)





Guerin v Robbins


2020 NY Slip Op 02511


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

528836

[*1]Leslie A. Guerin, Respondent,
v
Zachary F. Robbins, Defendant, and Edward L. Guerin, Appellant.

Calendar Date: February 21, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Colangelo, JJ.


Pemberton and Briggs, Schenectady (Paul Briggs of counsel), for appellant.
Law Office of Edward P. Ryan, Albany (Christopher P. Meyer of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Versaci, J.), entered February 6, 2019 in Schenectady County, which, among other things, denied defendant Edward L. Guerin's motion for summary judgment dismissing the complaint against him.
While defendant Edward L. Guerin (hereinafter defendant) was driving on a highway, an SUV suddenly merged and stopped in front of him. Defendant hit the brakes and did not strike the SUV, but his vehicle was rear-ended by a vehicle driven by defendant Zachary A. Robbins. Plaintiff, who was a front passenger in the vehicle driven by defendant, commenced this negligence action for alleged personal injuries sustained as a consequence of this motor vehicle accident.[FN1] As amplified by the bill of particulars, plaintiff alleged, among other things, that defendant was negligent by failing to keep a proper look out and by being inattentive. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against him. Supreme Court, among other things, denied the motion. Defendant appeals.
"Drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (Gallo v Jairath, 122 AD3d 795, 796 [2014]). "[W]here the lead driver is forced to brake and stop suddenly without striking the vehicle in front due to that vehicle coming to a sudden stop, there is no basis for imposing liability on that driver" (Carhuayano v J & R Hacking, 28 AD3d 413, 414 [2006]). Defendant testified at his deposition that he was driving in the right lane on a highway and that he saw the SUV move from the left lane to the middle lane. Defendant testified that, as the SUV was in the middle lane, he looked to his right to see if he "had an out to go" because there was a vehicle to the left of him. The SUV suddenly "jumped in front" of defendant without flashing a turning signal, hit the brakes and came to a complete stop.[FN2] Defendant braked and avoided hitting the SUV. Shortly thereafter, however, Robbins struck defendant's vehicle in the rear. In view of the foregoing, defendant satisfied his moving burden by establishing that he was not negligent (see Miller v DeSouza, 165 AD3d 550, 550 [2018]; Kovacic v Delmont, 134 AD3d 1460, 1461 [2015]; compare Zbock v Gietz, 145 AD3d 1521, 1522-1523 [2016]).[FN3]
Plaintiff failed to raise a triable issue of fact. Plaintiff's account of the accident was substantially similar to that of defendant. Although plaintiff contends that defendant failed to pay attention to the proper traffic conditions, plaintiff neither testified nor offered any proof as to defendant's observations prior to the accident. Accordingly, defendant's motion for summary judgment should have been granted (see Kovacic v Delmont, 134 AD3d at 1461; Le Grand v Silberstein, 123 AD3d 773, 775 [2014]; Escobar v Rodriguez, 243 AD2d 676, 676 [1997]).
Egan Jr., J.P., Devine and Colangelo, JJ., concur.
Lynch, J. (dissenting).
I respectfully dissent. I agree with the majority's general premise that "where the lead driver is forced to brake and stop suddenly without striking the vehicle in front due to that vehicle coming to a sudden stop, there is no basis for imposing liability on that driver" (Carhuayano v J & R Hacking, 28 AD3d 413, 414 [2006]). That general premise, however, presupposes that the lead driver was maintaining a proper lookout and not following too closely (see id. at 414-415; PJI 2:77). By his own account, defendant Edward L. Guerin (hereinafter defendant) observed the SUV move from the outside lane into the middle lane in traffic conditions that he described as "packed." Defendant, who estimated his speed at 55 to 60 miles per hour, explained that the SUV then suddenly merged into the space between defendant's vehicle and another vehicle that defendant was following. The SUV then braked and came to a stop. Defendant braked, stopping within a foot of the SUV, but within seconds was rear-ended by the vehicle driven by defendant Zachary F. Robbins.
To this extent, I agree that defendant's explanation demonstrates that he was not negligent. But defendant elaborated that he did not think that the SUV would attempt to merge into his lane. He acknowledged that, after seeing the SUV in the middle lane, the next time he saw the SUV was when "it was in front of me." Consistent with defendant's account, plaintiff — a front passenger in defendant's vehicle — explained in her deposition that she saw the SUV cut in front of their vehicle and that defendant only applied the brakes after she screamed. With this scenario, plaintiff maintains, and I agree, that a question of fact has been raised as to whether defendant was adequately attentive to the traffic circumstances presented (see PJI 2:77). That is particularly so considering that no plausible explanation has been presented as to why the SUV stopped in the first place. In my view, a question of fact has been raised as to whether the negligence of all three drivers constituted a proximate cause of the accident (see Tutrani v County of Suffolk, 10 NY3d 906, 907-908 [2008]; PJI 2:275.1).
ORDERED that that the order is modified, on the law, with costs to defendant Edward L. Guerin, by reversing so much thereof as denied said defendant's motion for summary judgment dismissing the complaint; said motion granted; and, as so modified, affirmed.



Footnotes

Footnote 1: This Court has been advised that plaintiff and Robbins have reached a settlement.

Footnote 2: Robbins testified that the SUV moved over "[s]omewhat aggressively, abruptly" and "very, very fast."

Footnote 3: We reject plaintiff's assertion that defendant's deposition transcript was inadmissible. Even though the transcript was unsigned, it was certified and defendant submitted it in support of his own motion and, therefore, effectively adopted it as accurate (see Vetrano v J. Kokolakis Contr., Inc., 100 AD3d 984, 986 [2012]).