Kreis v Kiyonaga (2021 NY Slip Op 06729)





Kreis v Kiyonaga


2021 NY Slip Op 06729


Decided on December 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 2, 2021

531888
[*1]Nancy E. Kreis, Respondent,
v
Diana L. Kiyonaga et al., Appellants.

Calendar Date:October 19, 2021

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ.

Pemberton and Briggs, Schenectady (Paul Briggs of counsel), for appellants.
Kuehner Law Firm, PLLC, Syracuse (Kevin P. Kuehner of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Ryba, J.), entered July 29, 2020 in Albany County, which granted plaintiff's motion for partial summary judgment on the issue of liability.
This action arises out of a collision between an ambulance transporting plaintiff to the hospital and a motor vehicle operated by defendant Diana L. Kiyonaga. The ambulance, which was owned and operated by Five Quad Volunteer Ambulance Service, was traveling south on South Manning Boulevard in the City of Albany, when it approached a red traffic light at the intersection with Western Avenue. The ambulance stopped and slowly traveled through the intersection with its emergency lights and sirens activated. The ambulance had almost cleared the intersection when Kiyonaga, entering the intersection from Western Avenue through a green light, struck the ambulance.
Plaintiff commenced this action against Kiyonaga and her then-husband as owner of the vehicle. Defendants answered and commenced a third-party action against Five Quad Volunteer Ambulance Service.[FN1] After issue was joined, plaintiff moved for partial summary judgment on the issue of liability asserting that Kiyonaga's failure to yield the right-of-way to the ambulance was negligence per se as such conduct was in violation of Vehicle and Traffic Law § 1144. Defendants opposed the motion, asserting issues of fact and credibility. Supreme Court granted the motion finding that plaintiff met her burden of demonstrating that Kiyonaga violated Vehicle and Traffic Law § 1144 and that defendants failed to demonstrate a triable issue of fact or an emergency excuse to relieve them from liability. Defendants appeal.
Defendants contend that Supreme Court erred in granting plaintiff's motion because credibility issues, as well as issues of fact, remain as to whether Kiyonaga operated her vehicle negligently. "[I]t is well settled that a defendant's unexcused violation of the Vehicle and Traffic Law constitutes negligence per se" (Holownia v Caruso, 183 AD3d 1035, 1036 [2020] [internal quotation marks and citations omitted], lv denied 36 NY3d 902 [2020]). However, violations that give rise to negligence per se may be excused if justified by an "emergency situation not of the driver's own making" (Fillette v Lundberg, 150 AD3d 1574, 1575 [2017] [internal quotation marks and citations omitted]; see Barbaruolo v DiFede, 73 AD3d 957, 957 [2010]). As relevant here, Vehicle and Traffic Law § 1144 (a) provides that, "[u]pon the immediate approach of an authorized emergency vehicle equipped with at least one lighted lamp exhibiting red light
. . . and when audible signals are sounded from any said vehicle[,] . . . the driver of every other vehicle shall yield the right of way."
In support of her motion, plaintiff submitted her deposition transcript, as well as the deposition transcripts of the ambulance operator and Kiyonaga. She also submitted the affidavit of John Hughes, a motorist who witnessed the accident, and [*2]the police accident report prepared in connection with the collision. It is uncontroverted that the ambulance had activated its emergency lights and sirens and that other vehicles had stopped and yielded the right-of-way to the ambulance at the intersection. It is also not disputed that, upon approaching the intersection, the ambulance operator stopped, looked left and right, slowly entered the intersection and had almost cleared the intersection when the crash occurred.
Kiyonaga's testimony that she did not hear the ambulance sirens, see its lights or view the ambulance prior to impact was insufficient to create an issue of fact that the accident was caused by an unforeseen emergency, as "[d]rivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (Guerin v Robbins, 182 AD3d 951, 951 [2020] [internal quotation marks and citation omitted]; Gallo v Jairath, 122 AD3d 795, 796 [2014]). Kiyonaga's deposition testimony demonstrates her breach of said duty, given that she recalled that the road was straight and that no weather conditions impeded her vision, and she could not recall anything that made it difficult for her to see ahead or to the left of her when approaching the intersection (see Fillette v Lundberg, 150 AD3d at 1575). Further, the affidavit of defendants' counsel is wholly insufficient to preclude summary judgment. As counsel has no firsthand knowledge of the events, the affidavit is lacking in any probative value (see Whiteside v Stachecki, 180 AD3d 1291, 1293 [2020]). Moreover, its content — wherein he theorizes that a vehicle may have blocked Kiyonaga's view of the ambulance and the ambulance operator's view of her vehicle — is nothing more than speculation and conjecture (see Hazelton v D.A. Lajeunesse Bldg. & Remodeling, Inc., 38 AD3d 1071, 1072 [2007]; Bronson v Algonquin Lodge Assn., 295 AD2d 681, 682 [2002]). In light of the foregoing, we find that Supreme Court properly granted plaintiff's motion.
Garry, P.J., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: By order entered in January 2020, Five Quad Volunteer Ambulance Service was awarded summary judgment and the third-party claim was dismissed. The order was not appealed.