Taylor v Appleberry (2023 NY Slip Op 01330)

Taylor v Appleberry

2023 NY Slip Op 01330

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

534049
[*1]Sean Taylor, Plaintiff,
v
Morgan N. Appleberry, Appellant, and Tompkins Consolidated Area Transit, Inc., Respondent. (And an Interpleader Action.)

Calendar Date:January 17, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Karen G. Felter of counsel), for appellant.
Rupp Baase Pfalzgraf Cunningham LLC, Rochester (Kevin J. Federation of counsel), for respondent.

Clark, J.
Appeal from an order of the Supreme Court (Joseph A. McBride, J.), entered August 30, 2021 in Tompkins County, which granted a motion by defendant Tompkins Consolidated Area Transit, Inc. for summary judgment dismissing the complaint against it.
On January 29, 2019, a bus owned by defendant Tompkins Consolidated Area Transit, Inc. (hereinafter TCAT) and operated by a TCAT trainee bus driver (hereinafter the bus driver) traveled eastbound on West Green Street in the City of Ithaca, Tompkins County. As the bus entered the intersection of West Green Street and Meadow Street, a vehicle operated by defendant Morgan N. Appleberry — who was driving northbound on Meadow Street — struck the bus. The bus then crashed into a tree. As the bus driver was a trainee, a TCAT supervisor (hereinafter the trainer) was present to observe and train the bus driver. Plaintiff, a passenger on the bus, was injured during the accident, and he commenced the instant action against Appleberry and TCAT seeking to recover damages for his injuries. Thereafter, TCAT moved for summary judgment dismissing the complaint against it.[FN1] As relevant to this appeal, plaintiff and Appleberry opposed TCAT's motion. Ultimately, Supreme Court granted TCAT's motion for summary judgment and dismissed the complaint against it.[FN2] Appleberry appeals.[FN3]
Many of the material facts surrounding this accident are not in dispute. Specifically, Appleberry admitted that she ran a red light, and the facts are clear that the bus driver had a green light when she entered the intersection. However, Appleberry argues that Supreme Court erred in granting TCAT's motion for summary judgment because questions of fact remain as to whether the bus driver's actions or inactions were a proximate cause of plaintiff's injuries. Indeed, "more than one proximate cause of an accident may exist" (Durr v Capital Dist. Transp. Auth., 198 AD3d 1238, 1241 [3d Dept 2021] [internal quotation marks and citations omitted]; see Giannelis v BorgWarner Morse TEC Inc., 167 AD3d 1185, 1187 [3d Dept 2018]). Generally, "the driver of a vehicle with the right-of-way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield" (Miglionico v Leroy Holdings Co., Inc., 78 AD3d 1306, 1307 [3d Dept 2010] [internal quotation marks and citations omitted]). However, a driver with the right-of-way "may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident" (Valiando v Catalfamo, 138 AD3d 1271, 1272 [3d Dept 2016] [internal quotation marks and citation omitted]; see Kreis v Kiyonaga, 200 AD3d 1144, 1146 [3d Dept 2021]).
"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact and then only if, upon the moving party's meeting of this burden, the non-moving party fails to establish the existence of material issues [*2]of fact which require a trial of the action. The moving party's failure to make a prima facie showing of entitlement to summary judgment requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012] [internal quotation marks, brackets, emphasis and citations omitted]; accord Davis v Zeh, 200 AD3d 1275, 1278 [3d Dept 2021]; see CPLR 3212 [b]). "When considering a motion for summary judgment, courts must view the evidence in a light most favorable to the nonmoving party and accord that party the benefit of every reasonable inference from the record proof, without making any credibility determinations" (Carpenter v Nigro Cos., Inc., 203 AD3d 1419, 1420-1421 [3d Dept 2022] [internal quotation marks and citation omitted]; see Vega v Restani Constr. Corp., 18 NY3d at 503, 505; Facteau v Mediquest Corp., 162 AD3d 1386, 1388 [3d Dept 2018]).
In support of its motion for summary judgment, TCAT submitted a video recording of the accident as well as the deposition transcripts of the bus driver, Appleberry and plaintiff. The video — recovered from three surveillance video cameras inside the bus and a fourth camera in front of the bus — shows the bus driver traveling eastbound on West Green Street and pulling over to the curb to drop off a passenger at a bus stop right before Meadow Street. The trainer told the bus driver to "try to gun it," and the bus driver accelerated the bus from its stopped position. As the bus approached the intersection, the bus driver leaned forward slightly and looked right toward Meadow Street. As the bus entered the intersection, the bus driver saw Appleberry's vehicle and yelled "whoa" as the bus was struck on the right side. The impact caused the bus to slide left into snowy terrain and, four seconds later, it hit a tree.
During her deposition, Appleberry admitted that she received a traffic infraction for running a red light (see Vehicle and Traffic Law § 1111 [d] [1]) and that she pleaded guilty to it. Plaintiff testified that he did not see another vehicle crash into the bus. Rather, he explained that he felt the bus "jostled side to side" shortly after pulling away from the bus stop. Plaintiff said this caused him to look up, and he saw that the bus was headed directly into a tree.
The bus driver, who had previously been a school bus driver for four years, had completed the classroom portion of the training required by TCAT and began driving a TCAT bus on January 28, 2019. The next day — the day of the incident — while driving on West Green Street, she dropped a passenger off at a bus stop located a short distance before its intersection with Meadow Street. The bus driver explained that the distance between the bus stop and the intersection was less than a bus length but more than a car length. The bus driver testified that as she pulled out of the bus stop, she looked out for vehicles on Meadow Street, but her view further down Meadow Street [*3]was obstructed by some bushes. Regardless, she began to scan for vehicles as she proceeded through the green light traveling under the speed limit. The bus driver admitted that she was pressing the accelerator "to the floor" as she entered the intersection and she explained that hybrid buses, such as the one she was driving that day, required the accelerator to be pressed hard to get the bus moving.
Approximately six seconds after departing from the bus stop from a standstill, the bus entered the intersection with a green light and was struck by Appleberry's vehicle. "[A]lthough a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively at fault for failing to avoid the collision" (Debra F. v New Hope View Farm, 155 AD3d 1491, 1492 [3d Dept 2017] [internal quotation marks and citation omitted]). Accordingly, we find that TCAT met its burden of establishing that the bus driver's conduct was not a proximate cause of the initial crash (see Rowe v Harrison, 303 AD2d 863, 863-864 [3d Dept 2003]; see also Valiando v Catalfamo, 138 AD3d at 1271-1272). Further, the force of this first impact caused "a sudden and unexpected circumstance which [left] little or no time for thought, deliberation or consideration," thus relieving TCAT of liability if the bus driver's conduct was "reasonable and prudent in the emergency context" (Caristo v Sanzone, 96 NY2d 172, 174 [2001] [internal quotation marks and citation omitted]). After reviewing the videos and the bus driver's deposition testimony, we are satisfied that, during the four seconds following the first impact, the bus driver tried, unsuccessfully, to steer the bus back onto the road but was unable to prevent the bus from crashing into a tree (see Cancellaro v Shults, 68 AD3d 1234, 1237 [3d Dept 2009], lv denied 14 NY3d 706 [2010]).
Next, the burden shifts to Appleberry to establish the existence of any material issue of fact (see Vega v Restani Constr. Corp., 18 NY3d at 503). In opposition to TCAT's motion, Appleberry primarily relied on pointing to various statements within the evidence submitted by TCAT to argue that issues of fact existed.[FN4] However, Appleberry's arguments either disregard the context in which the statements were provided or otherwise misinterpret their meaning. For example, Appleberry's argument that the bus driver failed to look both ways before entering the intersection was obviated by the fact that West Green Street and Meadow Street were both one-way streets, and the video shows the bus driver looking toward the direction of incoming traffic as the bus approached the intersection. Similarly, Appleberry's assertion that the bus driver should have slowed down as she approached the intersection is specious under these circumstances, where the bus accelerated from a standstill only a short distance from the intersection. Even viewing the [*4]evidence in the light most favorable to Appleberry, her arguments regarding purported questions of fact amount to "mere conclusions, expressions of hope or unsubstantiated allegations or assertions" (O'Toole v Marist Coll., 206 AD3d 1106, 1108 [3d Dept 2022] [internal quotation marks and citation omitted]). In short, while the bus driver had "a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (Guerin v Robbins, 182 AD3d 951, 951 [3d Dept 2020] [internal quotation marks and citation omitted]), the record leads us to conclude that there was no negligent conduct on the part of the bus driver and, therefore, TCAT (see Alamo v McDaniel, 44 AD3d 149, 153 [1st Dept 2007]; Rowe v Harrison, 303 AD2d at 864).
Garry, P.J., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: During the pendency of the motion, Appleberry filed an interpleader action against the bus driver, the trainer and several of the other bus passengers from the day of the accident. Supreme Court granted Appleberry's motion to consolidate these matters, but neither the interpleader pleadings nor the order granting such consolidation were made part of this record. Two passengers named as defendants in the interpleader action opposed TCAT's motion for summary judgment, and their oppositions are included in the record on appeal, but they did not participate in this appeal.

Footnote 2: Through an order entered March 7, 2022, Supreme Court (Masler, J.) retroactively dismissed the interpleader action against the bus driver.

Footnote 3: Although plaintiff also filed a notice of appeal, he later withdrew such appeal.

Footnote 4: Appleberry also submitted TCAT's defensive training manual and internal accident review determination. However, the order on appeal is silent as to whether these documents were considered, and Appleberry argues that Supreme Court should have considered them in opposition to the motion. We disagree. Supreme Court could not consider the manual because it "impose[d] a higher standard of care than that which is imposed by law" (Conrad v County of Westchester, 259 AD2d 724, 725 [2d Dept 1999]; see Gonzalez v City of New York, 109 AD3d 510, 512 [2d Dept 2013]; see also Moore v Bremer, 280 AD2d 729, 731 [3d Dept 2001]). Consequently, the internal accident review determination, which was premised on this higher standard, could not be considered.