Peterson v Garnsey (2024 NY Slip Op 02737)

Peterson v Garnsey

2024 NY Slip Op 02737

Decided on May 16, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 16, 2024

CV-23-0459
[*1]Susan L. Peterson, Respondent,
v
Jonah S. Garnsey, Appellant.

Calendar Date:March 29, 2024

Before:Garry, P.J., Clark, Pritzker, Ceresia and Mackey, JJ.

Osborn, Reed & Burke, LLP, Rochester (Michael C. Pretsch of counsel), for appellant.
Handelman, Witkowicz & Levitsky, LLP, Rochester (Steven B. Levitsky of counsel), for respondent.

Garry, P.J.
Appeal from an order of the Supreme Court (Richard A. Kupferman, J.), entered February 23, 2023 in Saratoga County, which, among other things, granted plaintiff's motion for partial summary judgment on the issue of liability.
In March 2019, defendant was driving on Fortsville Road in the Town of Moreau, Saratoga County when he unsuccessfully attempted to make a left turn across the opposing lane and collided with another vehicle, in which plaintiff was a passenger. Defendant was later found to have violated Vehicle and Traffic Law § 1141. Plaintiff thereafter commenced this negligence action against defendant, seeking damages related to the accident. Following joinder of issue, plaintiff moved for summary judgment on the issue of liability asserting that defendant's violation of the Vehicle and Traffic Law constituted negligence per se. Defendant, in turn, cross-moved for summary judgment dismissing the complaint on the basis that he was absolved of liability under the emergency doctrine (see PJI 2:14). Supreme Court granted plaintiff's motion and denied defendant's cross-motion. Defendant appeals.
In her deposition, plaintiff described the collision as a cross-over, as defendant veered "over the solid yellow lines and came at us" as they were traveling on Fortsville Road. In his deposition testimony, defendant described his attempt to make a left turn across Fortsville Road, intending to enter Fawn Road, an unmarked one-way road, and finding that a third vehicle exiting Fawn Road blocked his intended path. Defendant therefore did not complete his turn but instead swerved back into Fortsville Road, into plaintiff's lane of travel, where the collision occurred.
"It is well settled that a defendant's unexcused violation of the Vehicle and Traffic Law constitutes negligence per se" (Kreis v Kiyonaga, 200 AD3d 1144, 1145 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Feeley v St. Lawrence Univ., 13 AD3d 782, 783 [3d Dept 2004]). Here, it is undisputed that defendant was found to be in violation of Vehicle and Traffic Law § 1141. This statute provides that "[t]he driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard." The Vehicle and Traffic Law further provides that a driver may not make the turn "unless and until such movement can be made with reasonable safety" (Vehicle and Traffic Law § 1163 [a]). Thus, by submission of this evidence, plaintiff met the requisite burden of proof upon the motion.
Defendant opposed the motion and sought judgment dismissing the complaint based upon the affirmative defense of the emergency doctrine, by which "a driver who confronts a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration may be relieved of [*2]liability if the actions taken in response are reasonable and prudent in the emergency context" (Cancellaro v Shults, 68 AD3d 1234, 1236 [3d Dept 2009] [internal quotation marks and citations omitted], lv denied 14 NY3d 706 [2010]; see Kandel v FN; Taxi; Inc., 137 AD3d 980, 981-982 [2d Dept 2016]). However, the emergency doctrine is limited in application, and only applies as a shield to liability where the "emergency situation [is] not of the driver's own making" (Fillette v Lundberg, 150 AD3d 1574, 1575 [3d Dept 2017] [internal quotation marks and citations omitted]; accord Kreis v Kiyonaga, 200 AD3d at 1145).
The uncontroverted absence of signage indicating that Fawn Road was a one-way road is a circumstance that may be sufficient to raise an issue of fact as to proximate cause (see generally Read v Bell, 206 AD3d 1120, 1123 [3d Dept 2022]; Appelbaum v County of Sullivan, 222 AD2d 987, 990 [3d Dept 1995]).[FN1] Nonetheless, "[d]rivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (Guerin v Robbins, 182 AD3d 951, 951 [3d Dept 2020] [internal quotation marks and citation omitted]; accord Taylor v Appleberry, 214 AD3d 1142, 1146 [3d Dept 2023]). Here, we agree with Supreme Court in finding that defendant's admission that he failed to see the nonparty vehicle approaching on Fawn Road prior to attempting his turn — despite clear, day-time weather conditions — and was thus forced to swerve into plaintiff's opposing lane of traffic to avoid colliding with that other vehicle, reveals that the emergency was one of his own creation (see Kreis v Kiyonaga, 200 AD3d at 1146; Fillette v Lundberg, 150 AD3d at 1575; see also Russo-Martorana v Theophilakos, 46 AD3d 1047, 1048 [3d Dept 2007]).
Nothing in the record suggests that the driver of plaintiff's vehicle acted unreasonably or imprudently in response to the emergency created by defendant (see generally Cancellaro v Shults, 68 AD3d at 1236). Therefore, defendant's further assertion that the driver of plaintiff's vehicle may have been able to avoid the collision amounts to nothing more than speculation and conjecture, and is insufficient to preclude summary judgment (see Kreis v Kiyonaga, 200 AD3d at 1146; Hazelton v D.A. Lajeunesse Bldg. & Remodeling, Inc., 38 AD3d 1071, 1072 [3d Dept 2007]). In view of the foregoing, Supreme Court properly granted plaintiff's motion.
Clark, Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: We note that the Town of Moreau is not a named party to this action.