Wilson v 2600 Elmwood LLC (2025 NY Slip Op 01689)

Wilson v 2600 Elmwood LLC

2025 NY Slip Op 01689

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

CV-23-2081
[*1]Larry R. Wilson et al., Appellants,
v
2600 Elmwood LLC, Respondent.

Calendar Date:January 6, 2025

Before:Garry, P.J., Pritzker, Ceresia, Powers and Mackey, JJ.

Hinman, Howard & Kattell, LLP, Binghamton (Daniel R. Norton of counsel), for appellants.
Adams LeClair, LLP, Rochester (Maura C. McGuire of counsel), for respondent.

Mackey, J.
Appeal from an order of the Supreme Court (Oliver Blaise III, J.), entered October 2, 2023 in Broome County, which denied plaintiffs' motion for summary judgment.
In 2016, defendant entered into an agreement to lease certain commercial property to plaintiff Corelife of Brighton LLC for a period of 10 years, upon the personal guarantee of plaintiff Larry R. Wilson. The lease agreement was subsequently amended several times, with the last amendment taking place in July 2018 and including Wilson's written acknowledgment of his personal guarantee to assume Corelife's obligations in the event it failed to make payments pursuant to the terms of the lease. In April 2023, when defendant became aware that Corelife intended to cease business operations, defendant wrote plaintiffs advising that their obligations under the lease and guaranty nevertheless remained. Plaintiffs countered in a written response that the guaranty had expired by its own terms three days earlier on May 1, 2023 and that, to the extent that defendant argued that Wilson remained obligated under the guaranty, Wilson sought to revoke it. Defendant immediately rejected Wilson's attempted revocation. Plaintiffs thereafter commenced this action for a declaratory judgment establishing that Wilson was no longer obligated under the terms of the expired guaranty agreement or, in the alternative, that it had been effectively revoked. Plaintiffs also sought indemnification for related damages, including counsel fees. Defendant answered and submitted several counterclaims, which plaintiffs denied, raising several defenses. Plaintiffs thereafter moved for summary judgment, which motion Supreme Court denied on the basis that Wilson was contractually obligated for payments not yet due and payable under the lease despite the guaranty's expiration, and his attempted revocation thereof was unsuccessful. Plaintiffs appeal.
We affirm the denial of plaintiffs' motion, albeit on somewhat different grounds than those articulated by Supreme Court. In seeking summary judgment, the moving party is "required to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Zimmerman v Leatherstocking Coop. Ins. Co., 226 AD3d 1239, 1240 [3d Dept 2024] [internal quotation marks and citation omitted]; see CPLR 3212 [b]). The failure to make such a showing "requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012] [internal quotation marks, emphasis and citation omitted]; see Taylor v Appleberry, 214 AD3d 1142, 1144 [3d Dept 2023]).
Plaintiffs contend that they are entitled to summary judgment, arguing that the guaranty expired by its own terms such that Wilson is no longer obligated thereunder and that, in any event, Wilson successfully revoked the guaranty. "A guaranty is a promise to fulfill the obligations of another party, and [*2]is subject to the ordinary principles of contract construction" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015] [internal quotation marks and citations omitted]; see Ironwoods Troy, LLC v Optigolf Troy, LLC, 204 AD3d 1130, 1134 [3d Dept 2022]). "[W]hether a contract is ambiguous and the interpretation of an unambiguous agreement are questions of law for the court to resolve. In making these determinations, the court should examine the entire contract and consider the relation of the parties and the circumstances under which it was executed. Particular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby" (Zollo v Adirondack Lodges Homeowners Assn., Inc., 225 AD3d 973, 975 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see White Knight Constr. Contrs., LLC v Haugh, 216 AD3d 1345, 1347-1348 [3d Dept 2023]). "A guaranty of a tenant's obligations under a lease must be strictly interpreted in order to assure its consistency with the lease terms to which the guarantor actually consented" (404 Park Partners, L.P. v Lerner, 75 AD3d 481, 482 [1st Dept 2010]; see Kosich v Catskill Millennium Tech., Inc., 97 AD3d 1003, 1005 [3d Dept 2012], lv denied 19 NY3d 816 [2012]).
Where parties enter into a continuing guaranty, despite containing an expiration date, such guaranty "requires the guarantor to pay obligations that were contractually binding, but were not yet due and payable, at the time the guaranty expired" (Louis Dreyfus Energy Corp. v MG Ref. & Mktg., Inc., 2 NY3d 495, 496-497 [2004]; see 63 NY Jur 2d, Guaranty and Suretyship §§ 137, 141; see also Glen Banks, New York Contract Law § 25:3 [28A West's NY Prac Series]). This is so because "the purpose of a continuing guaranty is to enable parties who enter into contracts to be secure in the knowledge that whatever debts become due them under the contracts will be protected by the guaranty" (Louis Dreyfus Energy Corp. v MG Ref. & Mktg., Inc., 2 NY3d at 503; see generally Jones & Brindisi, Inc. v Breslaw, 250 NY 147, 151 [1928]).
Plaintiffs' submissions in support of their motion establish that the guaranty expired by its own terms five years prior to the expiration of the underlying lease agreement. Nevertheless, the guaranty provides that Wilson's obligations extend not only to "all payments of rent, additional rent, and all other charges, expenses and costs of every kind and nature, which are or may be due now or in the future" under the terms of the lease agreement, but also to "any other transactions between [defendant] and [Corelife] directly or indirectly related to the [l]ease." The guaranty further acknowledges that defendant "would not have entered into the [l]ease with Corelife" absent Wilson's personal guaranty. Upon this record, we agree with Supreme Court that plaintiffs failed to demonstrate[*3], as a matter of law, that Wilson's obligations under the guaranty terminated upon its expiration (see generally Louis Dreyfus Energy Corp. v MG Ref. & Mktg., Inc., 2 NY3d at 496-497).[FN1]
We similarly find that plaintiffs failed to demonstrate that Wilson successfully revoked the guaranty. The terms of the guaranty expressly required that any modification thereof — including termination — be executed in writing and signed by the parties, and nothing in the guaranty indicates that the parties could effectuate a unilateral revocation (see 63 NY Jur 2d Guaranty and Suretyship §§ 147-148, 150). To this end, plaintiffs did not submit any evidence that defendant had consented to Wilson's attempted revocation of the guaranty. In view of the foregoing conclusions, Supreme Court also properly denied that part of plaintiffs' motion seeking indemnification of counsel fees. Plaintiffs' remaining contentions, to the extent not expressly addressed herein, have been considered and found to be lacking in merit.
Garry, P.J., Pritzker, Ceresia and Powers, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Contrary to Supreme Court's holding, however, we do not find that the limited record before us supports that, as a matter of law, Wilson remained obligated under the guaranty after its expiration.